# WILLIAM ROSS

## v.

# THE PEOPLE.

*Bastardy—Intercourse—Time of.*

In a bastardy proceeding the precise time of the alleged act of coi'.on, if it be within the proper period of gestation, is immaterial, even though the complaining witness may have fixed the time definitely, except as affecting the credibility of the witness.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. KIRKPATRICK & ALEXANDER, for appellant.

Messrs. RAUS, COOPER, and PEPPER & SCOTT, for appellee.

C. B. SMITH, J. This was a prosecution for bastardy against William Ross, on complaint of Florence Marshall, the prosecuting witness. The case was begun in the County Court of Henderson County, and upon issues joined and a trial before a jury, the defendant was convicted and found to be the father of Florence Marshall's child, and a judgment of conviction entered on that verdict. Appellant appealed to the Circuit Court, and upon a trial being had in that court appellant was again found guilty, and after overruling a motion for a new trial, the court entered judgment on the verdict. Appellant now prosecutes this appeal and assigns the usual errors and asks for a reversal.

It is first objected that the verdict was against the evidence. The prosecutrix, Florence Marshall, testifies very positively that appellant had sexual intercourse with her but once, and that it occurred on the night of the 20th day of November, on the Sabbath evening after prayer meeting on the road between her home and Olena, as she and appellant were

returning home together from prayer meeting in a buggy or
spring wagon, and that from such intercourse she became
pregnant and gave birth to a child on the 18th day of August,
1888; that she was then and now is an unmarried woman, and
that William Ross is the father of her child. She further
swears that appellant is the only person who ever had connec-
tion with her. This was all the evidence offered for the
people in chief.

To escape the force of this evidence the defendant called
several witnesses, mostly of his own family, to prove an *alibi*,
and also to prove that at the time he was walking on crutches
and unable to be abroad in a wagon or buggy. Some four or
five witnesses testify that on the evening of the 20th of
November, appellant was at the house of Charles Davis, in
company with his two sisters and a brother, and remained
there until 9 or 10 o'clock at night, and that they all went
home together. These and other witnesses also testify that
appellant was thrown from a horse on October 30th, and that
he walked on crutches until about the first of December. In
rebuttal appellee called several witnesses who contradict the
witnesses for defendant upon both points.

The defendant himself refused or declined to testify in his
own behalf. We think he is not in a position to complain of
the jury for believing the prosecutrix, when he himself, hav-
ing the right and opportunity, declined to contradict her.
The jury have a right to consider his silence when it was so
important to him to speak. His silence was a strong circum-
stance against him. We think the evidence offered in sup-
port of the *alibi*, and of the crutch theory, fails to overcome
the uncontradicted testimony of the prosecutrix and the testi-
mony offered in rebuttal by the appellee, and that the verdict
is sustained by the evidence.

The defendant insists that inasmuch as the prosecuting
witness fixes the date with a good deal of positiveness on
the 20th of November, that she is therefore bound by the
date. But this is an error. The precise date is not material
except as affecting the credibility of the witness. Holcomb
v. The People, 79 Ill. 409. She may well be mistaken in the
exact date, and yet that will not relieve the appellant if the

jury are satisfied he was and is the father of the child. In addition to her swearing to the particular date she also swears positively that appellant was the father of her child, and that she never had sexual intercourse with any one else. There is not a particle of evidence to contradict any part of her testimony except as to the date she names, and we have seen this is not material, so that the proof shows the sexual act to be within the proper period of gestation.

But counsel for appellant frankly admit in their argument before us that, " *We do not here claim that the verdict was against the evidence.*" At the same time counsel complain that the court deprived them of their evidence by its refusal to instruct the jury that if they should find from the evidence that Florence Marshall testified that the child was begotten on the 20th of November, and that appellant was not with her on that occasion and could not have begotten the child on that day, that then the jury should find for the defendant. The purpose and effect of this instruction was to make time material. The instruction refused did not contain a correct principle of law and was properly refused under the authority of Holcomb v. The People, *supra.* It may be further observed in reference to the refusal of this instruction that even if it contains a correct proposition of law, still, the proposition contained in it was self-evident to any intelligent mind, and its refusal could work no harm to appellant. The instructions given for the people, and of which complaint is also made, simply informed the jury that the precise date was not material. In this there was no error. Finding no error in the record, the judgment will be affirmed.

*Judgment affirmed.*