(81 N. W. Rep. 288.)

---

### State of North Dakota *vs.* John Peoples.

Opinion filed April 19, 1900.

**Bastardy—Evidence.**

Action under the statute regulating bastardy proceedings. Evidence examined, and *held,* that the verdict was justified by the evidence.

**Verdict Not Against Law.**

*Held,* further, that under the facts and evidence, as stated in the opinion, the verdict is not against law, or against the instructions of the court as given to the jury.

Appeal from District Court, Walsh County; *Sauter, J.*
John Peoples was convicted of crime, and appeals.
Affirmed.

*Gray & McMurchie,* for appellant.

*Spencer & Sinkler,* for the State.

WALLIN, J. This action is brought under the statute regulating bastardy proceedings. The complaining witness was never married, but was delivered of a bastard child, born alive, on the 16th day of May, 1898, which child was living at the time of the trial. She charges the defendant with the paternity of the child, and alleges that she had sexual intercourse with defendant at the township of Prairie Center, in Walsh county, on or about August 15, 1897. The defendant's answer consists of a general denial of the allegations of the complaint. The verdict declared, in effect, that the defendant was the father of the child in question.

At the close of the testimony, defendant moved for a directed verdict in his favor. This motion was denied, and the ruling is assigned as error in this court. No exception was taken to the instructions given to the jury, but defendant claims that the verdict is not justified by the evidence, and that the same is contrary to law; *i. e.* against the instructions given by the trial court to the jury. In all prosecutions under this statute, the pivotal inquiry is whether or not the person accused is the father of a particular illegitimate child; and in this case the plaintiff had the burden of showing, as an ultimate fact, that the defendant is the father of the child of which the complaining witness was delivered on May 16, 1898. The evidence in the case was all admitted without objection, and we find in the record ample evidence sustaining the charge as made in the complaint. It appears that the complaining witness and defendant were employed by a cousin of the defendant, who was operating a large farm in Walsh county. Defendant was a farm hand on the farm, and the complaining witness was a domestic servant at the farm house situated on the farm. Such employment had continued for a period of over two years prior to August 15, 1897, and existed for some time subsequent to that date. The fact that sexual intercourse had occurred with more or less frequency between these parties prior to and subsequent to August 15, 1897, was fully testified to by the complaining witness. Nor did the defendant attempt to deny the general fact of sexual intercourse with the complaining witness. On the contrary, on his direct examination the defendant testified as follows: "I did not have sexual intercourse with her at all after the 10th of July and before the 10th of September. I did not have sexual intercourse between the 10th of July and the 10th of September." He further testified that he did not have such intercourse on the 5th of September, 1897. This certainly does not deny intercourse at any time. On his cross-examination the defendant squarely admitted that he had sexual

intercourse with the complaining witness on the 12th day of September, 1897. The complaining witness in her direct examination was explicit as to the intercourse, and as to the date of one act of intercourse with the defendant. She testified in chief as follows: "He had sexual intercouse with me on the 15th of August last (referring to 1897). It was at Henry Peoples' place. He had sexual intercourse with me more than once. I do not know how many times,—quite a number. I became pregnant as a result of having sexual intercourse with him." There was an infant in the court at the trial, and the complaining witness, pointing to the infant, said: "That is the baby. John Peoples is the father of that baby." After testifying that she had intercourse with defendant on August 15, 1897, she said on cross-examination that the only means she had of fixing the date was by counting back nine months from the time the child was born." She stated further that she had such intercourse with the defendant only once in August, 1897. She claimed further that this was on a Sunday. There was certain evidence offered by the defense, of a circumstantial nature, tending to show that the complaining witness had been guilty of sexual intercourse with another man employed on the farm, and that such intercourse took place about the 15th of August, 1897. The complaining witness testified positively that such sexual intercourse did not take place in August, 1897, and further testified directly and positively as follows: "I never had intercourse with any person besides Peoples." In her testimony the complaining witness said, in substance, referring to the act of intercouse in August, 1897: "For a year before that time I never had any intercourse with Peoples." This was said on cross-examination, but later in her cross-examination she corrected this statement as follows (referring to August 15, 1897): "I do not know whether I had intercourse for a full year before that. I do not know whether it was a long time before this date. It might have been a week or two. I stated to you before supper that it had been a year, but I didn't understand you,—didn't know what you meant." On redirect examination the witness testified: "I did not understand what Mr. McMurchie meant when he asked me some time ago if I had intercourse with this defendant for less time than a year before the middle of August. I do not know whether it was one, two, three, four, or five weeks before this time, or after the 15th of August, that I had intercourse with him. It might have been longer or shorter. I do not know." There was some evidence offered tending to show that the act of intercourse alleged in the complaint to have taken place August 15th in fact occurred, if it took place at all, on Sunday, the 5th day of September, 1897. This apparent conflict or discrepancy in the testimony was submitted, with all the other evidence and facts of the case, for the consideration of the jury, and the jury were instructed, in terms, that it was their province to weigh the evidence and determine the credibility of the witnesses. This court in this case, under the law, is required to presume that the jury fairly and

fully considered the evidence, and the whole of the evidence, submitted to them, and we have no hesitation in saying that the verdict rests upon a substantial basis of testimony, and hence we deem it unnecessary to further discuss the verdict, with reference to the evidence adduced at the trial.

But one other assigned error remains for consideration. Counsel contend that the verdict is against law, or, at least, against the law of this case, as laid down by the court in its instructions to the jury. The court said to the jury, in substance, in its charge, that it was a matter of common knowledge that the shortest period of gestation was about 260 days; and, applying this statement to the defendant's testimony, the court further instructed the jury as follows: "If you find that the defendant did not have sexual intercourse with the complaining witness between the 10th day of July and the 10th day of September, 1897, then you must find the defendant not guilty." This is a proper charge, under the evidence; and if there were no testimony in the case tending to show that sexual intercourse occurred between the 10th of July and the 10th of September, 1897, between the parties in question, the verdict would be squarely against the instructions of the court, and would have to be vacated for that reason. But it has been seen, in the evidence referred to, that there is evidence of intercourse in August, 1897; and, further, it may be added that the complaining witness testified positively that the defendant was the father of the child born on May 16, 1898, and that the complaining witness never at any time had sexual intercourse with any person other than the defendant. This testimony being before the jury, it was their duty to consider the same in connection with all the evidence in the case. Having declared by their verdict that the defendant was guilty, we are bound to presume that the jury found from the evidence that acts of sexual intercourse occurred between these parties between July 10 and September 10, 1897. If such acts occurred in August, either before or after August 15th, the verdict would not then be contrary to the law, or to any instruction of the trial court. Our conclusion is that the judgment of the trial court must be affirmed. All the judges concurring.