# STATE OF NORTH DAKOTA v. FRIEDRICH BRANDNER.

### (130 N. W. 941.)

**Constitutional Law — Bastardy Act — Title of Act.**

1. Chapter 5 of the Code of Criminal Procedure of the year 1895, commonly known as the bastardy act, does not violate § 61 of our state Constitution. Said act is quasi criminal in its procedure and is germane to the title of said Code.

**Bastardy Proceedings — Nature.**

2. While bastardy proceedings are quasi criminal in their nature, the trial of the action under § 9653, Revised Codes 1905, is governed by the rules of civil trials, and the state has the burden of proving its allegations by a fair preponderance of the evidence only. Instructions requiring a stronger degree of proof were properly refused. Instructions given examined and found correct.

**Witnesses — Leading Questions — Discretion of Court.**

3. Trial courts are vested with wide discretion in ruling upon the admission of leading questions. The complainant was eighteen years of age, without education, who gave her testimony through an interpreter; she was being examined about acts of illicit intercourse and the birth of a bastard child

born to her three weeks prior to the trial. Under those circumstances the trial court properly allowed the state to ask leading questions.

**Conduct of Trial — Jury — Consideration of Evidence.**

4. The jury are not bound to believe or to disbelieve the entire evidence of any witness. It is their duty to examine all of the evidence offered, and to arrive at the truth regarding the matter in dispute. Evidence examined and found to sustain the verdict of the jury.

**Criminal Law — New Trial — Cumulative Evidence.**

5. A new trial will not be granted upon the ground of newly discovered evidence, when such evidence is merely cumulative.

Opinion filed March 22, 1911.

Appeal from District Court, McIntosh county; *Allen*, J.

Friedrich Brandner was adjudged to be the father of a bastard child, and he appeals.

Affirmed.

*Wolfe & Schneller* and *Hugo P. Remington*, for appellant.

No statute is unconstitutional because its title is too broad or general, if all parts are germane to the one subject expressed in the title. State v. Morgan, 2 S. D. 32, 48 N. W. 314; State v. Becker, 3 S. D. 29, 51 N. W. 1018; State ex rel. Poole v. Peake, 18 N. D. 101, 120 N. W. 47.

"Criminal procedure" must deal with some proceeding relating to crime. Ex parte Tom Tong, 108 U. S. 556, 27 L. ed. 826, 2 Sup. Ct. Rep. 871; 1 Bishop, Crim. Law, ¶ 43; Black, Law Dict. p. 301; 12 Cyc. Law & Proc. p. 130, and notes 4 & 5; People v. McNulty, 93 Cal. 427, 26 Pac. 597, 29 Pac. 61.

The bastardy act is unconstitutional. State v. Tieman, 32 Wash. 294, 98 Am. St. Rep. 854, 73 Pac. 375.

The bastardy proceeding is a civil one. Head v. Martin, 85 Ky. 480, 3 S. W. 622; Godding v. State, 39 Ind. App. 42, 78 N. E. 257; State v. Tieman, supra; Williams v. State, 117 Ala. 199, 23 So. 42; Re Wheeler, 34 Kan. 96, 8 Pac. 276, 6 Am. Crim. Rep. 70; Hawes v. Gustin, 2 Allen, 402; State v. Liles, 134 N. C. 735, 47 S. E. 750; Bell v. Territory, 8 Okla. 75, 56 Pac. 853; State v. Knowles, 10 S. D. 471, 74 N. W. 201; State v. McKnight, 7 N. D. 444, 75 N. W. 790; Rose v. People, 81 Ill. App. 128.

Bastardy law has nothing to do with criminal procedure. Vinsant

v. Knox, 27 Ark. 266; People ex rel. Atty. Gen. v. Parvin, 74 Cal. 548, 16 Pac. 490; State ex rel. Woodsides v. McDaniel, 19 S. C. 114; Van Houton v. People, 22 Colo. 53, 43 Pac. 137; Re Howard County, 15 Kan. 194; Laramie County v. Stone, 7 Wyo. 280, 51 Pac. 605; Louisiana v. Pilsbury, 105 U. S. 278, 26 L. ed. 1090; State v. Mitchell, 17 Mont. 67, 42 Pac. 100; Skinner v. Wilhelm, 63 Mich. 568, 30 N. W. 311; State ex rel. Stearns v. Corner, 22 Neb. 265, 3 Am. St. Rep. 267, 34 N. W. 499; State v. Wright, 14 Or. 365, 12 Pac. 708; State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765; State v. Silver, 9 Nev. 227; Clark v. Wallace County, 54 Kan. 634, 39 Pac. 225.

*Geo. M. Gannon,* State's Attorney, *W. S. Lauder,* and *Wishek & Shubeck,* for respondent.

Bastardy proceeding is neither civil nor criminal, but partakes of the character of both. Re Lee, 41 Kan. 318, 21 Pac. 282; State v. Scott, 7 S. D. 619, 65 N. W. 31; Clark v. Carey, 41 Neb. 780, 60 N. W. 78, 9 Am. Crim. Rep. 117; State v. Lang, 19 N. D. 679, 125 N. W. 558.

A preponderance of the evidence is all that is necessary to entitle plaintiff to a verdict. State v. Bunker, 7 S. D. 639, 65 N. W. 33; State v. Knutson, 18 S. D. 444, 101 N. W. 33; 5 Cyc. Law & Proc. p. 664.

If the subject of a refused instruction is covered by the general charge, it is not error to refuse the request. State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; State v. McGahey, 3 N. D. 293, 55 N. W. 753; Daeley Bros. v. Minneapolis & N. Elevator Co. 4 N. D. 269, 60 N. W. 59; Smith v. Hawley, 14 S. D. 638, 86 N. W. 652; Young v. Harris, 4 Dak. 367, 32 N. W. 97; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; Perin v. Parker, 126 Ill. 201, 2 L.R.A. 336, 9 Am. St. Rep. 571, 18 N. E. 747; Virginia Midland R. Co. v. White, 84 Va. 498, 10 Am. St. Rep. 874, 5 S. E. 573; Austin & N. W. R. Co. v. Anderson, 79 Tex. 427, 23 Am. St. Rep. 350, 15 S. W. 484; 1 Blashfield, Instructions to Juries, § 152, and note 148.

Burke, J. In the district court the defendant was adjudged to be the father of a certain bastard child, and, feeling aggrieved by such adjudication, he has appealed to this court.

His first contention is that there is no bastardy law in effect in this

state; that chapter 5 of the Code of Criminal Procedure, enacted in 1895, is unconstitutional and void because enacted under the general title of the Code of Criminal Procedure, when in truth and in fact the said chapter relates wholly to civil procedure, thus violating § 61 of our state Constitution. In his brief the defendant concedes that the said Code of Criminal Procedure, excepting said chapter 5, is constitutional and valid, so we may confine our inquiry to the single question, does its title, "An Act to Establish a Code of Criminal Procedure for the State of North Dakota," correctly describe and entitle our bastardy law; or, conversely stated, is our present bastardy law germane to and embraced in the aforesaid title? The general object of bastardy laws is to compel the putative father to help support his child and to protect the community from the burden that might otherwise fall upon it. See 5 Cyc. Law & Proc. p. 645, and cases cited. Some states believe this object best obtained by allowing the mother to bring a civil suit against the father; other states try to accomplish the same result by establishing criminal proceedings against the father. In the first-named states the legislative acts belong in the Code of Civil Procedure; in the latter states such laws belong in the Code of Criminal Procedure. It is only necessary to examine our statutes to determine to which class of states North Dakota belongs. Our bastardy law provides that the mother shall make a criminal complaint before a justice of the peace, in which she asks that the father be arrested. The state's attorney of the county must prosecute; the proceedings are entitled in the name of the state; the defendant is arrested at public expense, and in lieu of bail is confined. If he is adjudged to be the father of the child, and fails to obey the final order of the court, he is committed to jail. As Judge Carmody says in the case of State v. Lang, 19 N. D. 679, 125 N. W. 558: "Instead of beginning the action by the issuance of a summons, as in civil cases, a criminal proceeding is employed." The proceedings are quasi criminal at least. The case of State v. Tieman, 32 Wash. 294, 98 Am. St. Rep. 854, 73 Pac. 375, cited and relied upon by the defendant, does not apply to North Dakota. The legislature of the state of Washington had enacted a criminal code containing a bastardy law, but their bastardy law provides only a civil remedy. There was no provision for a criminal complaint nor for a warrant nor for an arrest nor for a fine nor for imprisonment of any kind. Their supreme court points out those facts,

:and holds that their bastardy law was a civil proceeding and belonged in their Civil Code. We therefore conclude and hold that our bastardy law was properly included in the act of Criminal Procedure, and is constitutional and valid.

The second grievance of the defendant relates to rulings of the trial court in admitting and excluding evidence. Most of those objections were aimed at leading questions asked by the state's attorney when examining the complainant. The record discloses that she was unable to give her testimony in the English language, and was being examined, through an interpreter, relative to acts of illicit intercourse; she was but eighteen years of age, and had given birth to her first child but three weeks before the trial. We are not surprised that the state's attorney was obliged to use leading questions. Under some circumstances leading questions are not only permissible, but proper, and a wide discretion is therefore vested in the trial judge. A careful examination of all of the questions objected to upon this ground satisfies us that the state's attorney did not abuse his privilege, and the rulings of the trial court in that respect were correct. During the said examination the state's attorney asked the complainant the following question, "Did you say to Mrs. Brandner in her house, before Brandner came in, that you had had intercourse with Mr. Brandner before February 10th?" (Objected to as leading, suggestive, calling for a conclusion of witness and cross-examination of his own witness.) Overruled. The defendant now says there is no legal justification for overruling this objection, that the hearsay character of the question is shown on the face thereof. It will be noted that at the time the question was asked no objection was made on the ground that it was hearsay. This convinces us that the objecting counsel did not then notice the hearsay feature of the question, but discovered it after he had obtained the transcript of the evidence in the case. If the hearsay feature of the question was not prejudicial enough to attract his attention at the trial, he cannot expect us to notice it upon appeal. Objections to questions made at the trial should be taken with the idea of aiding the trial court, not in confusing him. Another question objected to was asked the defendant upon cross-examination by the state's attorney, as to whether or not he had been accused of the parentage of the child by the complainant's parents. The state was trying to impeach the testimony of the defendant at the time, and we think the question entirely proper. To-

ward the close of the trial, the state recalled one of its witnesses to clear up some of his testimony, and, while on the stand, he reiterated a small part of the testimony that he had previously given. This is objected to by the defendant as repetition. If that was not entirely proper, it is, as least, not prejudicial enough to justify a reversal.

The third and fourth grounds relied upon by the defendant for a reversal is the giving of certain instructions to the jury by the trial judge and his refusal to give certain requested instructions for the defendant. The instructions given and the requests made are too lengthy to be set forth in this opinion, especially as there is but one point involved. The defendant's claim is stated by him in his brief as follows: "If this is a criminal proceeding, and the law properly embraced in the Code of Criminal Procedure, then there can be no doubt that these two requests should have been given. If the defendant was being proceeded against for a crime, under laws dealing with that subject, then, in spite of any statutory provision that the Code of Civil Procedure shall govern, the defendant had the constitutional right, which the legislature could not take away, to the benefit of the presumption of innocence." "We do not contend that the proceeding is a criminal one. We have simply placed ourselves in the position that if the law be upheld, as pertaining to crime, then the instructions asked were proper, and those given relative to preponderance of evidence, erroneous. The legislature has no power to provide that a preponderance of evidence shall be sufficient upon the trial of any criminal action or proceeding. Nothing short of proof beyond a reasonable doubt will suffice, under our Constitution. These requests were made on the theory that if the proceeding was authorized by law, at all, it was a criminal proceeding, necessarily, and the rules stated were the right ones in such case." In other words, the defendant contends that, if the law is constitutional, the trial should be governed by the rules governing a criminal trial. This contention is clearly wrong. Our Code especially states that the trial shall be governed by the laws regulating civil actions. Section 9653, Revised Codes of North Dakota 1905. The defendant was not being prosecuted for a crime. A quasi criminal action had been brought against him to compel him to aid in the support of a child alleged to be begotten by him, and the proceedings were generally criminal, but the trial itself should be governed by the rules governing civil trials. The legislature has full power to make such

regulations. 5 Cyc. Law & Proc. p. 664, and cases cited. Also see § 64, vol. 3, Decen. Dig. and cases cited. During the trial and while the complaining witness was being cross-examined by the defendant's counsel, the complaint in the action was offered in evidence by the defendant for the purpose of impeaching her testimony. The offer was general and the complaint was received in evidence. At the close of the trial the defendant requested the trial court to instruct the jury that the complaint was not a part of the evidence, and could not be considered by the jury as any part of the charge thereby made or any evidence against the defendant. This instruction was refused by the trial judge and properly so. Indeed the trial court could not have given the requested instructions without telling the jury something that was not true; to wit, that the complaint was not in evidence.

The fifth ground advanced by the defendant is that the evidence was not sufficient to sustain the verdict of guilty. The defendant's counsel has made an able argument and pointed out discrepancies in the testimony of the complainant, among the most serious of which is the fact that she first accused the defendant of having but one act of intercourse with her and that upon February 10th, 1908; and that after the child was born, September 19, 1908, she accused the defendant of but two acts of intercourse,—the first being on December 29th, 1907, and the second, February 10th, 1908. It was the duty of the jury to reconcile the testimony of the various witnesses, and from all of the testimony in the case arrive at what they believed to be the truth. They were not obliged to believe all of the testimony of the complainant nor to disregard it *in toto*. If they believed that certain portions of her testimony were truthful and certain portions untruthful, it was their duty to find the facts truthfully stated and reject the facts untruthfully stated. They may have found in this case that the criminal intimacy had begun prior to the time testified to by the complainant. That she should have attempted to minimize her offense is but natural. In addition to the direct and positive accusation of the complainant, there is in the evidence many corroborating circumstances tending to support the verdict. During December, 1907, the complainant was staying at the home of the defendant, sleeping under the same roof. At that time the defendant's wife was about to give birth to a child. It was not shown that the girl had a lover or even male company during that period. In our opinion the evidence is amply sufficient to support the verdict.

Sixth. The defendant made a motion for a new trial, alleging, among other grounds, the discovery of new evidence. We have examined the same and find it cumulative only. The trial court did not abuse his discretion in refusing to grant a new trial upon this last ground. A careful examination of the record in the entire case convinces us that the defendant has had a fair trial, and the judgment is accordingly affirmed.

All concur, except MORGAN, Ch. J., not participating.