STATE OF NORTH DAKOTA, Respondent, v. GEORGE FUCHS, Appellant.

(186 N. W. 752.)

**Bastards — verdict against defendant held supported by evidence.**

1. On an appeal by the defendant from a judgment rendered against him in a bastardy proceeding and from an order denying a new trial, it is *held* that the verdict has substantial support in the evidence.

**Bastards — date on which child begotten not material except on question of paternity.**

2. In a bastardy proceeding, the principal question to be determined is whether the accused is the father of the child involved; and, ordinarily, the exact day on which the child was begotten is not material except as it bears on such principal question.

**Bastards — refusal to permit cross-examination of complaining witness as to civil action against defendant held not prejudicial error.**

3. For reasons stated in the opinion, error predicated upon a ruling made in cross examination of the complaining witness is held to be non-prejudicial.

Opinion filed Jan. 20, 1922.

Appeal from the district court of Sheridan County, *Nuessle,* J.

Bastardy proceedings against George Fuchs. Plaintiff had judgment, and defendant appeals from the judgment and from an order denying a new trial.

Affirmed.

*Geo. Thom Jr.,* for appellant.

*Peter A. Winter,* for respondent.

CHRISTIANSON, J. This is an appeal by the defendant from a judgment rendered against him in a bastardy proceeding. On November 26, 1920, one Anna Moser made complaint, under oath, before a justice of the peace in Sheridan county, charging:

"That she is an unmarried woman and is pregnant with a child which, if born alive, may be a bastard, begotten by the defendant, on or

about the 22d day of June, 1920, at or near Denhoff, Sheridan county, N. D."

Upon such complaint a warrant was issued, the defendant was apprehended and brought before the justice of the peace, where he was given a preliminary examination as provided by § 10486, C. L. 1913. On November 26, 1920, the justice of the peace made an order that the defendant be required to give an undertaking in the sum of $1,000, with sufficient sureties, payable to the state of North Dakota, and conditioned that he would appear at the next term of the district court of that county, and from term to term until the final disposition of the proceeding, to answer the complaint and abide the judgment and orders of the court therein. On January 24, 1921, the complaining witness was delivered of a child, which was alive at the time of the trial. In the district court the defendant filed an answer denying the charge set forth in the complaint, and demanded that the issue framed thereby be tried by a jury. The case was tried in June, 1921, and the jury returned a verdict declaring the defendant to be the father of the child of the complaining witness. On June 11, 1921, the court entered judgment in conformity with the verdict. Thereafter the defendant moved for a new trial on the grounds of insufficiency of the evidence, and alleged errors in rulings on the admission of evidence, and in the instructions given to the jury. The motion was denied, and the defendant has appealed from a judgment and from the order denying a new trial.

Appellant contends that the evidence is insufficient to sustain the verdict. The argument in support of this contention is almost wholly an attack upon the credibility of the complaining witness. It is pointed out that, in certain particulars, her testimony at the trial is different from her testimony at the preliminary examination. Thus it is said that at the preliminary examination she testified that she had sexual intercourse with the defendant on June 22, 1920, and that she became pregnant as a result thereof, and that upon the trial she testified that she had sexual intercourse with the defendant on May 11, 1920, and became pregnant at that time. While this in a sense is true, an examination of the transcript of the testimony given by the complaining witness before the justice of the peace discloses that she at that time testified that she had had sexual intercourse with the defendant not only on June 22, 1920, but also at a date prior to June 22, 1920, and upon the trial in the district court she still asserted that she had had intercourse with him

on June 22. It is undisputed that she gave birth to a child, and that she is unmarried. The evidence shows that she and the defendant had been keeping company from June, 1919, till February, 1920. There is some intimation that at that time a disagreement arose; but the complaining witness says that the defendant later "made everything good." She also testified positively that on May 11, 1920, he came and took her for a ride, and that upon that occasion they had sexual intercourse, and that they again had such intercourse on June 22, 1920. She testified positively that she at no time had sexual intercourse with any one other than the defendant; and there is not the slightest proof in the record tending to show that she did. It is elementary that the credibility of witnesses and weight of testimony are questions for the jury. This rule is, of course, applicable in bastardy proceedings. See State v. Peoples, 9 N. D. 146, 148, 82 N. W. 749; State v. Brandner, 21 N. D. 310, 316, 130 N. W. 941. The complaining witness was given a thorough cross-examination. The discrepancies in her testimony were clearly pointed out. Judging by the record before us, the complaining witness was an ignorant girl. The jury saw her, and heard her story. That story is not so incredible .as to be unworthy of belief. State v. Brandner, 21 N. D. 310, 130 N. W. 941, presented a situation very similar to that presented here. There, as here, it was contended that the evidence was insufficient to sustain a verdict against the defendant. And it was pointed out that the complaining witness

—"first accused the defendant of having but one act of intercourse with her and that upon February 10, 1908; and that after the child was born, September 19, 1908, she accused the defendant of but two acts of intercourse—the first being on December 29, 1907, and the second February 10, 1908." 21 N. D. 316, 130 N. W. 943.

The court held that this was a matter for the consideration of the jury as affecting the credibility of the witness, and refused to disturb the verdict.

It is next contended that the court erred in admitting evidence relating to the act of sexual intercourse which, according to plaintiff's testimony,. occurred on May 11, 1920. It is also contended that the court erred in instructing the jury as follows:

"I charge you, gentlemen, that the particular date charged in the complaint need not be proved if in fact you find by a preponderance of the evidence that a bastard child was begotten upon the body of and

delivered by the unmarried woman, Anna Moser, and that the same was begotten by the defendant, then it is immaterial as to the particular date charged in the complaint. The question is, Was such a child born, and, if it was, was the defendant the father of the same?"

These two assignments of error are both predicated upon the proposition that the complaint alleged that the child was "begotten by the defendant, on or about the 22d day of June, 1920." And it is asserted that the date so alleged was material; that it was improper to admit evidence relating to an act of intercourse said to have occurred on May 11th; and that it was error to permit the jury to find a verdict against the defendant on such evidence.

In our opinion the assignments are not well taken. In other words, we are of the opinion that the evidence relating to the act of intercourse said to have occurred on May 11, 1920 was admissible, and also that, under the evidence in this case, the instruction given was not erroneous.

This is not a case like State v. Ryan, 78 Minn. 218, 80 N. W. 962, cited and relied upon by the defendant, or Menn v. State, 132 Wis. 61, 112 N. W. 38, where the complaining witness fixed the act of sexual intercourse in connection with some specified event or occasion, so that the proof, in effect, not only affirmed that the child was begotten by the accused at a specified time and place, but, also, negatived the idea that it could have been begotten by the accused on any other date than the one so specified. That is not the situation here. Ordinarily, the exact day on which the child was begotten is not "material except as it bears on the principal question, which is whether or not the accused is the father of the child." 7 C. J. 995; 2 Ency. Ev. 252. See, also, Duhamell v. Ducette, 118 Mass. 569; Francis v. Rosa, 151 Mass. 532, 24 N. E. 1024; Ross v. People, 34 Ill. App. 21; Holcomb v. People, 79 Ill. 409. And, while the question does not seem to have been squarely raised in this state, that is the rule which has been followed by this court. See State v. Peoples, 9 N. D. 146, 148, 149, 82 N. W. 749; State v. Brandner, 21 N. D. 310, 316, 130 N. W. 941.

In this case the defendant moved for a new trial. The motion was not made on the ground of newly discovered evidence. And we fail to find anything to indicate that the defendant was taken by surprise by the evidence relating to the act of sexual intercourse alleged to have taken place on May 11th, or that he was prevented from presenting his entire defense in this case.

734 48 NORTH DAKOTA REPORTS

On cross-examination defendant's counsel asked the complaining witness a question regarding a civil action which it was intimated she had brought against the defendant. An objection made by plaintiff's attorney was sustained, and that ruling is assigned as error. Little or no argument is presented in support of this assignment of error, and it might well be treated as waived. The materiality of the testimony sought to be elicited is not apparent, and we cannot say that the court erred in ruling as it did. And we are quite clear that the ruling in no event was prejudicial.

This disposes of all the errors assigned and argued on this appeal. It follows from what has been said that the judgment and order appealed from must be affirmed. It is so ordered.

GRACE, C. J., and ROBINSON, BIRDZELL, and BRONSON, JJ., concur.