# STATE OF NORTH DAKOTA, Respondent, v. JACOB JAN-GULA, Jr., Appellant.

### (214 N. W. 855.)

**Illegitimate children — discretion of court as to excluding child from court room.**

1. In a proceeding to determine the paternity of a child it is within the discretion of the trial court to determine whether the child shall be excluded from the court room during the trial.

**Illegitimate children — leading questions — witnesses — discretion of court.**

2. Whether leading questions may be propounded to a witness is within the discretion of the trial court, and unless there is a manifest abuse of such discretion his rulings thereon will not be disturbed.

**Illegitimate children — prosecution in name of state.**

3. Following the case of State v. Sukut, ante, 417, there was no error in bringing this action in the name of the state.

**Illegitimate children — admission of certain evidence — conduct of state's attorney.**

4. Rulings of the court on the evidence and the state's attorney's address to the jury, examined, and no prejudicial error shown.

**Illegitimate children — bastardy proceedings — court's statement.**

5. The statement as to the nature of the case made by the court in his charge to the jury examined, and held not to be prejudicial error—case of State v. Sibla, 46 N. D. 337, distinguished.

Opinion filed July 9, 1927. Rehearing denied August 16, 1927.

Appeal and Error, 4 C. J. § 2798 p. 824 n. 67; § 2985 p. 1002 n. 41; § 2986 p. 1004 n. 63. Bastards, 7 C. J. § 82 p. 977 n. 77; § 132 p. 996 n. 76 New; § 136 p. 998 n. 1; § 138 p. 998 n. 15; p. 999 n. 28; § 170 p. 1010 n. 95, 96, 97; p. 1011 n. 98. Trial, 38 Cyc. p. 1479 n. 76; p. 1485 n. 61, 64; p. 1486 n. 66; p. 1504 n. 65. Witnesses, 40 Cyc. p. 2427 n. 26, 28; p. 2429 n. 30.

Appeal from the District Court of McIntosh County, *McKenna, J.* Affirmed.

Annotation.— (1) As to discretion of court allowing exhibition of child for purposes of determining paternity in bastardy proceedings, see annotation in 52 L.R.A. 500; L.R.A.1917B, 1148; 3 R. C. L. 766; 1 R. C. L. Supp. 891.

*Curtis & Remington* and *I. A. Mackoff,* for appellant.
*Franz E. Shubeck* and *A. A. Ludwigs,* for respondent.

BURR, J.  A complaint having been made by one Elizabeth Silbernagel charging the defendant with being the father of her child, a warrant of arrest was issued, and the defendant was held to answer to the district court.  The case was tried to a jury and verdict rendered adjudging him to be the father of the child.  The defendant appeals to this court, setting forth 22 specifications of error and we deal with these in their order.

The first specification relates to the action of the court "in permitting the presence of the child in the court room, and in the arms of its mother over the objection of the defendant during the trial."  There was no error in this action.  The child was not exhibited to the jury and as stated in State v. Stark, 149 Iowa, 749, 129 N. W. 331, Ann. Cas. 1912D, 362: "In proceedings against the alleged father of an illegitimate child, it is not necessary that the child be separated from the mother while she testifies or is present in court."  In Perry v. State, 63 Ind. App. 653, 115 N. E. 60, the trial court overruled the motion of the alleged father to exclude the child from the court room "during the examination of the jurors and the trial."  The court held this was not error saying "The mere fact that the mother was permitted by the court to have her child with her in court at the trial-where the jury might see it afforded no cause for reversal."  In State v. Fury, 53 N. D. 335, 205 N. W. 877, we held there was no error in having the child in the court room.  True, there was no objection to its presence nor any attempt made to exhibit the child to the jury.  There was no error in the court's ruling.

Specifications 2 to 5, inclusive, are aimed at the action of the court in permitting what are said to be leading questions addressed to the complaining witness.  This witness was 20 years of age and during the examination an interpreter was required.  Several of these questions alleged were not leading questions, but as said in the case of State v. Brandner, 21 N. D. 310, 314, 130 N. W. 941: "Under some circumstances leading questions are not only permissible, but proper, and a wide discretion is therefore vested in the trial judge."  The principal question objected to was "Who is the father of your little

girl?" This came at the close of a protracted examination in which she detailed all occasions of sexual intercourse and denied intercourse with every one except the defendant. There is no suggestion of intercourse with any other man. The court permitted her to answer, but this was not error.

Specifications 6 to 10, inclusive, deal with alleged leading questions asked one Feist. This witness was a companion of the defendant and was with him at the home of the prosecuting witness on one of the occasions she says the defendant had intercourse with her. Feist was 19 years of age and either could not understand English or for some other reason could not, or would not, answer questions. But we have examined the questions asked and do not find they were even "leading and suggestive." There was no error in the rulings.

Specification 11 deals with refusal to strike out an answer as not being responsive. The witness had been asked what the defendant had said in response to a statement made by the witness and the answer was to the effect that he was "standing there and hanging down his head." True, this was not responsive, but there was no error in permitting it to stand. . It certainly is a far-fetched conclusion to claim, as appellant does, this was the opinion of the witness that the defendant was confessing guilt.

Specification 12 deals with the action of the court in sustaining an objection to a question asked the defendant as to why he went over to the home of the prosecuting witness at the time of the birth of the child. On his cross-examination he had told the state's attorney that if it had not been for his own folks he would not have been over there. On redirect his counsel asked him,. "Did some of your folks tell you to go?" and the court sustained the objection as being self-serving and hearsay. Even if there were error in this ruling it is without prejudice as the defendant had explained already why he went there and that he had gone there because he had been sent for and that his people had told him he better go over. There is no prejudice in this ruling.

Specification 13 deals with the refusal of the court to dismiss the action on the ground that it had been brought in the name of the State. The action of the court was perfectly proper as shown by the case of State v. Sukut, ante, 417, 213 N. W. 961.

Specifications 14 and 15 appear to be abandoned. Specification 16

relates back to specification No. 1, and is a charge of misconduct on the part of the state's attorney. The mother of the prosecuting witness was relating a conversation had with the defendant and with defendant's brother, on the day the child was born, and stated as a part thereof that at that time and in the presence of the defendant she told the brother they could compare the child to their sisters. The defendant moved to strike this evidence from the record which motion was over-ruled at first and later granted. The defendant now says the mere fact the state's attorney asked for this conversation, and the same was given as a portion thereof, was such prejudicial error as to justify a new trial because the child was in the court room at the time and the jury might have glanced over and looked to see for themselves whether there was any resemblance. The record does not show any "sisters" were present or even known to any of the jury. The witness had been relating a conversation of which this was a part and this statement is sufficient to show there was no error or misconduct on the part of the state's attorney.

Specifications 18 to 20, inclusive, deal with statements made by the state's attorney during his argument to the jury, as to what the evidence showed and as to whether the defendant had admitted he had had intercourse with the prosecuting witness. The state's attorney was merely giving his version of the testimony, and told the jury he might be mistaken. The court promptly admonished the jury that remarks of counsel are not evidence—and "if they misstate the evidence you are not bound by that." If there was any error on the part of the state's attorney it was cured by the prompt action of the court. The state's attorney had also stated, "I have often wondered how young men can repudiate their offspring. Yet that often happens, and I cannot help but feel that that is exactly the case in this case." It is contended this was such misconduct as to justify a new trial. While counsel should confine their arguments to the testimony and to such inference as are fairly deducible yet the counsel for the state is not to be roped and tied so that he dare not make a legitimate comment. There was no error in this.

In the charge to the jury the court stated, "This is what is commonly called a bastardy proceeding. It is not a criminal case and it is not your province to find the defendant guilty or not guilty of any criminal

offense and the object of this action is not to send the defendant to the penitentiary or to jail or to find him guilty of any offense against our criminal laws.   This action, gentlemen, is to determine whether or not the defendant, Jacob Jangula, Jr., is the father of the child born to this complaining witness, whom you have seen on the witness stand, Elizabeth Silbernagel, and in case he is found to be the father of the child, to compel him to support it and maintain it."

There was a written charge given to the jury and we cannot find that any exception was ever taken to this portion of the charge.   No exception in writing is found in the record and it is not claimed that any was taken.   Defendant says that it was reversible error for the court to make such a statement and cites the case of State v. Sibla, 46 N. D. 337, 179 N. W. 656, as sustaining his contention.   In the Sibla Case prosecution was had under the old bastardy proceedings where the defendant would be imprisoned for his failure to comply with the order of the court.   In the Sibla Case, p. 388, the court charged that the "statute was passed   .   .   .   to determine who is the father of the bastard child, with the object   .   .   .   when a person is found by a jury to be the father of a bastard child that judgment is entered requiring him to assist the mother in the care and education of the child until the child is able to do so himself.   That is the purpose of this proceeding."   That instruction was misleading because the purpose is not to determine who is the father of the child but to determine whether the *defendant* is the father of the child.   In the Sibla Case, however, it is only because of the nature of that case that such misleading instruction was said to be "considered for the purpose of this case prejudicial error."   In State v. Cotter, 167 Minn. 263, 209 N. W. 5, the trial court, in the charge to the jury, stated the purpose of the statute and this was assigned as error.   The supreme court said: "It was given by the court as a part of his explanation of the character of the law under which the proceedings were being had.   The statement in no way interfered with the other very definite statements in the charge as to what the duty of the jury was.   The statement was correct.   It cannot successfully be made the basis of error."   In the case at bar the statement is correct. The court in its charge stated fully and completely to the jury what was required to be proved against the defendant, and there was nothing in this statement which in any way interfered with or could cloud the

minds of the jury. In case of State v. Fuchs, 48 N. D. 730, 186 N. W. 752, decided some time after the Sibla Case, this court said: "In a bastardy proceeding the principal question to be determined is whether the accused is the father of the child involved." This is what the court told the jury in this case and in addition stated that if he were found to be the father of the child this action would also be "to compel him to support it and maintain it." . This also is true. It certainly could not have prejudiced the jury. The defendant does not claim that there is not ample evidence to sustain the verdict and as the instruction is not misleading, as in the Sibla case, it .cannot possibly be said that a true statement of the law could be of such prejudicial character as to justify a reversal.

We have considered all of the specifications of error, as assigned, and as none have been sustained, and no prejudice shown, the judgment is affirmed.

BIRDZELL, Ch. J., and BURKE, NUESSLE, and CHRISTIANSON, JJ., concur.