Busse, Plaintiff in error, vs. The State, Defendant in error.

*May 12—June 21, 1906.*

*Bastardy: Paternity of child: Intercourse with several men: Trial by court: Conviction contrary to evidence: Reversal.*

1. In a bastardy proceeding paternity cannot be established beyond reasonable doubt against the defendant if it appears that the prosecutrix had intercourse with another man at a time consistent with the latter's responsibility for the pregnancy. A clear preponderance of the evidence in this case is *held* to. establish such intercourse.

2. A conviction by the court without a jury in a bastardy proceeding will be reversed if contrary to a clear and definite preponderance of the evidence.

.Error to review a judgment of the municipal court of Dane county: E. Ray Stevens, circuit judge, sitting for the municipal judge. *Reversed.*

Plaintiff in error, upon trial to the Dane county municipal court without a jury, was convicted of being the father of the illegitimate child of complaining witness, and adjudged to pay $100 to her, besides the costs of the proceeding, and $6 per month until the child should attain the age of seven years. He brings this writ of error to review such judgment.

*John A. Aylward,* for the plaintiff in error.

The *Attorney General* and *J. E. Messerschmidt,* law examiner, for the defendant in error.

Dodge, J. Paternity cannot be established against defendant beyond reasonable doubt if it appear that the prosecutrix had intercourse with another man at a time consistent with the latter's responsibility for her pregnancy. Under such circumstances the law refuses to recognize the ability of the mother or any one else to know with any sufficient measure of certainty that defendant is in fact the parent. *Baker v. State,* 47 Wis. 111, 2 N. W. 110. The period for conception in this case extended, according to expert testimony, from about July 27 to about September 15, 1904; mid-August being the most probable time, since the birth, entirely normal and mature, occurred May 23, 1905.

Refraining from details of evidence as to general persistency through July and into September of practically conceded libidinous relations theretofore existing between prosecutrix and one Walter Busse, while she was housekeeper or domestic servant in defendant's farmhouse, we shall rest our decision upon one specific event which we think is shown conclusively to have occurred within the period mentioned. The particular occasion was on a Sunday, marked by defendant's absence from home. Walter spent the day in company with prosecutrix in the house, and, without rehearsing the testimony, we can understand her only as admitting intercourse on that occasion—at most, offering denial merely as to its frequency. There seems to be no doubt or dispute as to the identity of

this particular occasion, but merely as to its date. Prosecutrix declares that it was in July, some time after the Fourth, because she knew they had no sexual relations after July, an often reiterated statement. Some other witnesses can only say it was in July or August. One Cossibone, however, a hired man, has definite data; for he did not commence work on the farm until August 11th, and this Sunday episode occurred after that date. There is nothing to cast doubt on his statement except prosecutrix's testimony, given, as she admits, after being warned by her counsel that intercourse with any other than accused after July would be fatal to the action, and with recognition of the fact that none of the men whose intimacy with her was shown or charged was of any financial responsibility except the accused. She was shown to be of low and loose moral character. She was contradicted on many subjects by numerous witnesses. Her testimony that sexual relations with Walter terminated in July was discredited by full proof of continuance of their intimacy, so far as observable, and of his frequent visits to and stay in her bedroom at night, of which there was hardly attempt at concealment or disguise. In this situation we cannot think that her quite indefinite and argumentative assertion that this Sunday orgy with Walter did not take place in August can be accepted as at all credible against the definite and unassailed testimony of Cossibone. It has often been held that the testimony of even disinterested and unimpeached witnesses on the subjects of measurements, distances, dates, and the like, which is based merely on memory, estimate, or casual observation, must yield to that which is based on actual measurement or reference to definite data. *Burroughs v. Milwaukee,* 110 Wis. 478, 483, 86 N. W. 159; *Koepke v. Milwaukee,* 112 Wis. 475, 481, 88 N. W. 238; *Konkel v. Pella,* 122 Wis. 143, 146, 99 N. W. 453. Much more must such testimony yield when given by a highly interested witness, under temptation of pecuniary interest, of low character, and proved recklessness of statement.

This is not a jury case, where a verdict must stand if supported by any credible evidence (*Peat v. C., M. & St. P. R. Co.* 128 Wis. 86, 107 N. W. 355), but a finding by the court which we must reverse if in opposition to a clear and definite preponderance of the evidence. Indeed, there is not even any finding as to the date of this occasion. If, as we think and hold, it took place in August, the court could have been convinced of defendant's paternity beyond reasonable doubt only by ignoring the rule of law first above stated or by overlooking the fact that prosecutrix in effect conceded intercourse at this Sunday visit, trying to make such admission consistent with denial of any such relations subsequent to July, by locating its date in that month. We cannot escape the conclusion that clear preponderance of evidence establishes sexual intercourse with a man other than the accused at a time consistent with such other's paternity of this illegitimate child, and that plaintiff in error cannot, beyond reasonable doubt, be found guilty.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of the defendant.