JOHNSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 19—November 5, 1907.*

*Witnesses: Examination: Leading questions: Discretion: Assignments of error: Correction of error by instructions: Criminal law and practice: Bastardy: Trial: Arrest of defendant's witness: Harmless error: New trial: Judgments as evidence: Conclusiveness.*

1. It was within the discretion of the court in a *quasi*-criminal prosecution to permit the district attorney to ask leading questions of the complaining witness, and to permit him to ask defendant's witness if he drank anything yesterday.

2. In a *quasi*-criminal prosecution, during the cross-examination of one of defendant's witnesses, the court asked him: "Are you the man I declined to naturalize today on account of being drunk?" *Held*, that the court removed any cause for complaint thereon by instructing the jury to disregard the fact that citizenship papers had been denied the witness.

3. In a bastardy proceeding remarks made by the court in denying a motion to dismiss the case for lack of proof of birth of a living child are *held* based on the testimony and proper.

4. In a bastardy proceeding it was not error to permit the complaining witness to hold her baby in her arms while giving her testimony, there being no attempt to offer the baby in evidence or to exhibit it to the jury.

5. During the progress of a bastardy proceeding a witness for the defendant admitted having had unlawful sexual relations with the complaining witness within the ordinary period of gestation, whereupon by direction of the court he was arrested on a charge of fornication. *Held*, that remarks of the court in directing the arrest, stated in the opinion, did not constitute error prejudicial to the defendant.

6. In a bastardy proceeding, although a witness for defendant testified to having unlawful sexual relations with the complaining witness within the usual period of gestation, her denial thereof, together with the other testimony, stated in the opinion, is *held* sufficient to support a verdict against the defendant.

7. In a bastardy proceeding a witness for defendant testified to unlawful sexual relations with the complaining witness within the usual period of gestation. A new trial was refused, the application being based on "newly-discovered evidence," con-

sisting of the record of the conviction of the witness for the admitted offense of fornication with the complaining witness. *Held*, that thereby no error was committed, since the issues in the several proceedings were different, and the affirmative determination of one did not necessarily negative the other.

8. In a bastardy proceeding uncontradicted evidence of sexual intercourse at the critical time with some person other than the accused raises a reasonable doubt with reference to the paternity of the child.

9. Such rule goes only to the weight of evidence necessary to uphold a conviction, and does not conflict with the rules of evidence relating to the admissibility and conclusive effect of judgments as evidence.

10. Such rule does not render either admissible or conclusive a judgment of conviction for the offense of fornication with the complaining witness, alleged to have been committed on a date within the usual period of gestation, since such judgment does not logically or absolutely either affirm or deny, in whole or in part, the guilt of the defendant in the bastardy proceeding.

ERROR to review a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The plaintiff in error was found guilty in a bastardy proceeding. The facts are sufficiently stated in the opinion.

For the plaintiff in error there was a brief by *Barry & Barry,* and oral argument by *A. K. Barry.*

For the defendant in error the cause was submitted on a brief by the *Attorney General* and *A. C. Titus,* assistant attorney general, and a separate brief by *W. K. Parkinson.*

TIMLIN, J. The first error assigned is that the court erred in the reception and rejection of evidence, and this is attempted to be supported by showing that the court, against repeated objections of defendant's counsel, permitted the district attorney to ask leading questions of the complaining witness, and permitted the district attorney to ask the witness Erick Erickson if he drank anything yesterday. We consider these rulings within the discretion of the court below and insufficient to support the assignment of error.

The second assignment of error is that the court erred in its remarks on the relevancy and weight of testimony during the trial. This is attempted to be supported by showing that the court during the cross-examination of the witness Erick Erickson asked: "Are you the man I declined to naturalize today on account of being drunk?" But the court in his instructions to the jury seems to have removed any cause of complaint on account of this question by instructing the jury to disregard the fact that citizenship papers had been denied to the witness Erickson. The remarks of the court in denying the motion of the defendant to dismiss the case for lack of proof of birth of a living child were based on the testimony and we think proper.

The third assignment of error is that the court erred in permitting the complaining witness to hold a baby in her arms on exhibition before the jury while giving her testimony. There was no attempt to offer the baby in evidence or to exhibit it to the jury, and the supposed infraction of the legal rules consisted merely in permitting the complaining witness to hold her baby in her arms while giving her testimony. This was not error, and does not bring the case within the rule of *Busse v. State,* 129 Wis. 171, 108 N. W. 64, and cases cited.

The fourth assignment of error is that "the court erred in its remarks before the jury in ordering the arrest of the defendant's witness Erick Erickson and in directing the clerk to set aside his, Erick Erickson's, naturalization papers." It is argued that this affected the credibility of the witness with the jury. The witness Erick Erickson was called on behalf of the defendant, and, after having been warned by the court of his right to refuse to incriminate himself, testified that he had unlawful sexual relations with the complaining witness during March and April, 1905. Upon cross-examination by the district attorney he testified substantially that he had been arrested and convicted for drunkenness,

whereupon the court asked the witness the question above referred to, and the witness denied that he was the man that the court declined to naturalize on account of being drunk. The district attorney then said: "I have here a warrant of arrest of the witness for fornication." The court said: "The sheriff is instructed to arrest the witness Erick Erickson and take him in custody, and I hereby direct the clerk to set aside his naturalization papers." The defendant's counsel objected to the remarks of the court in the presence of the jury, as tending to prejudice them against the defendant. The court said:

"No man can become a citizen of the United States unless he proves by two witnesses that he is a man of good moral character and well behaved. The statement he has made here shows that he is not well behaved. The objections to the remarks of the court in ordering the witness arrested and with regard to setting aside his naturalization papers are overruled. He is ordered arrested for the crime of fornication, and the clerk is instructed not to give him his citizenship papers."

The jury were instructed to disregard this arrest and the withholding of the naturalization papers in weighing the evidence. While the district attorney might have chosen a more appropriate time and place for the arrest of the witness on his own confession, a witness who takes the stand and flaunts his own crime brazenly in the face of the public, the court, and the jury is sometimes made an example of in this way. The writer has known this to be done several times at the circuit. Logically considered, the arrest of the witness, if the jury believed that the arrest was right, would tend to the exculpation rather than the incrimination of the defendant in the bastardy case, for the court charged the jury on this subject as follows:

"The evidence of the defendant tends to show that the witness Erick Erickson also had sexual intercourse with said Eva Sahanen during the months of March and April, 1905.

If you believe said evidence, and that another man than
*Johnson* had sexual intercourse with the said complaining
witness, Eva Sahanen, during the months of March and
April, 1905, then you will find the defendant *Thomas John-
son* not guilty. The fact that the said Erickson was arrested
for the crime of fornication and that his citizen papers were
withheld should not prejudice you in this case, for you will
disregard both facts in weighing the evidence."

This is not like the arrest of a witness for perjury com-
mitted while on the stand. The latter assumes that his tes-
timony is false, while the former assumes that his testimony
is true. But under the foregoing circumstances, where
proper instructions were given to the jury, we must decline
to hold this assignment of error good. Secs. 4659, 4706,
Stats. (1898).

The fifth and sixth assignments of error are argued to-
gether and are to the effect that the court erred in not dis-
charging the defendant when the state closed its case in chief
and also when the testimony was closed. The bill of excep-
tions is not certified to contain all the evidence. It is argued
that this certification of the bill of exceptions is approved in
2 Winslow's Forms, No. 1994, p. 1211, and note 10, but
counsel has not read this form aright. Looking into the evi-
dence, however, we find that the complaining witness contra-
dicted the evidence given by Erickson, and that there is in
the record evidence sufficient to go to the jury, and, if the
jury believed it, to support a verdict against the defendant.

The seventh and eighth assignments of error contain noth-
ing not covered by the previous rulings except that under
the name of "newly-discovered evidence" counsel for defend-
ant produced the record of the conviction of Erick Erickson
on June 22, 1906, for the offense of fornication with the
complaining witness alleged to have taken place on March
31, 1905. It is claimed that this conclusively established the
latter fact, and therefore no jury could determine who was
the father of the child, even if they were to believe the tes-

timony of the complaining witness. This argument pro-
ceeds on a misconception of the effect of the judgment of
conviction as evidence. Without going to the length of
*State v. Beverly,* 88 N. C. 632, or passing upon the con-
sideration that the parties to the prosecution for fornica-
tion and the parties to the prosecution for bastardy are not
the same, it is sufficient to say that the issues in the sev-
eral prosecutions were different, and the affirmative deter-
mination of one does not necessarily negative the other. The
court recognizes that upon the trial of a bastardy case un-
contradicted evidence of sexual intercourse at the critical
time with some person other than the accused must raise a
reasonable doubt with reference to the paternity of the child;
but this is a rule going only to the weight of evidence neces-
sary to uphold a conviction in criminal or *quasi*-criminal
cases. It does not at all conflict with the rules of evidence
relating to the admissibility and conclusive effect of judg-
ments as evidence. Nor does it render either admissible or
conclusive any judgment that does not logically and abso-
lutely either affirm or deny, in whole or in part, the judg-
ment sought for or rendered in the case in which such evi-
dence is offered.

*By the Court.*—The judgment of the circuit court is af-
firmed.