## STATE OF NORTH DAKOTA, Respondent, v. JOHN HIERTZ, Appellant.

(170 N. W. 118.)

**Bastardy proceedings — complaint — warrant of arrest — are civil proceedings.**

    1. The legal proceedings in cases of bastardy, though commenced in somewhat similar manner to those of a criminal case, that is, by the making of a complaint and the issuing of a warrant of arrest based upon the complaint, are, nevertheless, under our statute, civil in their nature.

**Bastardy — charge of — trial — verdict of jury — evidence sustaining.**

    2. Defendant was put upon his trial before a court and jury on the charge of bastardy, and the jury returned a verdict against him. *Held*, that the verdict is amply sustained by the evidence.

**New trial — motion for — newly discovered evidence — as ground for.**

3. Defendant in due time made a motion for a new trial on the ground of newly discovered evidence. The motion was overruled, and in this there was no error.

Opinion filed November 20, 1918.

Appeal from the District Court of Richland County, Honorable *Frank P. Allen,* Judge.

Affirmed.

*W. S. Lauder,* for appellant.

The defendant's motion for a new trial, based on the ground of newly discovered evidence, was addressed to the sound discretion of the trial court. Where the appellate court is convinced that this discretion was not wisely exercised, or has been abused, it will not hesitate to overrule the trial court. Under the uniform construction given to the statutes authorizing courts to grant or refuse new trials, signification of the words, "at its discretion," has been materially limited.

The discretion allowed to be exercised by the court means and is a sound legal discretion, to be exercised in conformity to law. Such statutes are remedial in their character and are intended to furnish a simple, speedy, and efficient means of relief in a most worthy class of cases. Freeman, Judgm. 3d ed. § 106; Bailey v. Taaffe, 29 Cal. 422; Johnson v. Eldred, 13 Wis. 482; Kitzman v. Minnesota, Thr. Mfg. Co. 10 N. D. 26; Coleman Mfg. Co. v. Feckler, 16 N. D. 227; Stitson v. Rankin, 40 Wis. 527; Barto v. Sioux City Electric Co. 119 Iowa, 179; Grady v. Donahoo, 108 Cal. 211; Barrie v. Northern Assur. Co. (Minn.) 109 N. W. 248; Walsh v. Boyle, 94 Minn. 437.

A new trial shall be granted when verdict is "clearly against the evidence." Barto v. Sioux City Electric Co. supra; Comp. Laws 1913, subd. 6, § 10,917.

The defendant was entitled to a new trial on the showing made, whether or not this be regarded as a civil or criminal action. Comp. Laws 1913, subds. 4, 7, §§ 7659, 10,917.

Evidence is not cumulative unless it be of the same kind and to the same point. Glidden v. Dunlap, 28 Me. 379; Bradish v. State, 35 Vt. 452; Parker v. Hardy, 25 Pick. 246; Lefever v. Johnson, 79

Ind. 554; Halstead v. Horton, 38 W. Va. 727; Hinton v. Cream City R. Co. 65 Wis. 323; O'Shields v. State, 55 Ga. 696; People v. Superior Ct. 10 Wend. 285; Wolf v. Mahan, 57 Tex. 171; Goldsworthy v. Linden, 75 Wis. 24; Parshall v. Klinck, 43 Barb. 203; Wilson v. Plank, 41 Wis. 94; Boggess v. Reed, 83 Iowa, 548; Layman v. Minneapolis, etc. R. Co. 66 Minn. 452.

And even where it is directed to an issue that was involved and tried in the first trial, it does not follow that the new evidence is necessarily cumulative. Waller v. Graves, 20 Conn. 306.

The modern rule is that a new trial should be granted if the newly discovered evidence is of such a character as that it will probably produce a different result, whether cumulative or otherwise. 1 Spelling, New Trial & Appellate Pr. § 225.

In fact all corroborative evidence is cumulative. The question is as to its probative character and force. Wilcox Silver Plate Co. v. Barclay, 48 Hun, 54; Barrett v. Third Ave. R. Co. 45 N. Y. 628; Keet v. Mason, 167 Mass. 154; Preston v. Otey, 88 Va. 491; Barker v. French, 18. Vt. 460.

*J. G. Forbes,* State's Attorney, *C. E. Lounsbury,* Assistant State's Attorney (*W. E. Purcell* of counsel), for respondent.

Where a witness in such a case as this clearly demonstrates his desire to aid the defendant by testifying to personal acts of sexual intercourse with the complaining witness, and the jury finds against the defendant, it becomes evident that they did not credit such testimony, and that like testimony of other witnesses would also be discredited. 21 N. W. 401.

Proceedings in bastardy being civil in their nature, the rules of evidence that govern in civil cases apply, and the paternity of the child may be established by a preponderance of the evidence alone, and need not be proved to a moral certainty. 7 C. J. 995, and cases cited.

"Proof of connection with another man does not necessitate a finding for the defendant, and is merely a circumstance to be considered in determining the child's parentage." 7 C. J. 994.

"The diagnosis of pregnancy is most difficult in the beginning, nearly all the certain signs being limited to the second half of the pregnancy. If a woman who has always had her courses regularly

and who has been exposed to become impregnated and the menstrual flow does not appear at the time it is expected, there is prima facie great probability that she is pregnant." Garrigues, Obstetrics, p. 102.

The application for a new trial on the ground of newly discovered evidence is regarded with suspicion and examined with caution; the applicant is required to rebut the presumption that the verdict is correct and that he has not used due diligence in preparing for trial. 14 Enc. Pl. & Pr. 790, 791.

Ordinarily a new trial will be refused where the new evidence is merely cumulative of evidence actually introduced by the movant on the trial, or is merely impeaching in its character. 14 Enc. Pl. & Pr. 791 and cases cited; 29 Cyc. 880, 881.

It must also appear that the new evidence sought to be produced is competent, credible, and material, and that due diligence was exercised to produce it at the former trial. The facts claimed to constitute diligence must be fully set forth, for the court determines this question. 7 C. J. 1000; Gardner v. State, 94 Ind. 489; 29 Cyc. 892.

Association of the complaining witness with other men, not within the period of gestation, is immaterial, except as bearing upon the nature of their relationship. 7 C. J. 990, 991 and cases cited; Goodwine v. State, 31 N. E. 554; State v. O'Rourke, 124 N. W. 138.

To warrant the granting of a new trial on such ground, the new evidence must be of such a decisive or conclusive character as to render a different result certain—according to some authorities. 29 Cyc. 898–903; 14 Enc. Pl. & Pr. 806.

Such motions are addressed to the sound judicial discretion of the trial court, and its decision will not be reversed unless a clear abuse is shown. Gates v. C. M. & St. P. R. Co. 154 N. W. 441; 29 Cyc. 887.

GRACE, J. Appeal from the district court of Richland county, *Frank P. Allen,* Judge.

This is an appeal from the district court of Richland county overruling a motion of the defendant for a new trial. The defendant was brought before W. P. Robbins, justice of the peace, upon a warrant issued by him, upon a complaint signed and sworn to by Clara Hoffman. In the complaint she alleged that she was an unmarried woman

and was on the 27th day of March, 1916, delivered of a bastard child, begotten by the defendant, John Hiertz, on or about the 27th day of June, 1915, in the township of Barney, in the county of Richland and state of North Dakota. A hearing was had before the justice of the peace, the defendant being present. At such hearing Clara Hoffman was examined as a witness, and the court, after hearing the testimony, required the defendant to give bond in accordance with the provisions of § 10,486 of the Compiled Laws of 1913; the purpose of such bond being to require the appearance of defendant at the next term of the district court of Richland county to answer the complaint, and to abide the judgment and orders of the court therein. The case was tried in the district court of Richland county to the court and a jury; a verdict was rendered and judgment was duly entered thereon on the 29th day of February, 1917. The judgment was that John Hiertz should forthwith pay to Clara Hoffman, for and toward the maintenance and education of the child, $200 in cash, and $12 on the first day of each and every month thereafter until the further order of the court, and that he secure the payments of said sums by an undertaking with sufficient sureties, to be approved by the clerk of the court; and that in case defendant neglected or refused to comply with any part of the judgment, he should be committed to the county jail in and for Richland county until discharged therefrom according to law. The defendant made a motion for a new trial, which was denied.

The material facts are as follows: The complaining witness, Clara Hoffman, was a single woman, twenty-one years of age, a resident of Richland county, North Dakota; she was employed on defendant's farm as a servant part of the year 1913, and from June, 1914, to April, 1915, and from June until October, 1915. The defendant is a single man, a farmer, who cultivates three quarter sections of land. The complaining witness claimed that an act of intercourse was had by the defendant with her on June 27th, 1915, and a child was born in Richland county, North Dakota, on March 27th, 1916. Complaining witness also testifies that the defendant had sexual intercourse with her three or four times a week continuously during most of the time she was employed by him. She testifies she never had sexual intercourse with any other man, and that the defendant is the father

of the child. She admits no act of sexual intercourse with the defendant after June 27th, 1915. The defendant denies that he ever at any time had sexual intercourse with the complaining witness. The defendant placed other witnesses on the stand to prove the immoral character of the complaining witness. Peter Schonnes, one of his witnesses, testified that he had sexual intercourse with the complaining witness at various times, among other times, being one in April, 1915, and one when she came to his room on defendant's premises about the 21st or 22d of June, 1915. There were other witnesses who gave testimony tending to impeach the moral character of the complaining witness. The jury, after listening to all the testimony, including that of the complaining witness, returned a verdict as above set forth.

The proceedings in this case, though commenced in a somewhat similar manner to those of a criminal case, by the making of a complaint and the issuing of a warrant of arrest based upon a complaint, are, nevertheless, under our statute, civil in their nature. The state is interested to the extent that it does not desire the child to become a public charge, and it is protected in this regard where a sufficient sum is judged to be paid by the father of the illegitimate child for its support, maintenance, and education. By such a judgment the mother of the child is also assisted in rearing the child and in its support and maintenance. The sole question involved in this case is whether or not the defendant is the father of the child in question. The jury are the exclusive judges of the credibility of the witnesses. It may give credit to the testimony of one witness and discredit the testimony of others. In this case it evidently discredited the testimony of the defendant and his witnesses and believed the testimony of the complaining witness and that of other witnesses produced by plaintiff and rendered a verdict in plaintiff's favor. We do not think such verdict or the judgment entered thereon is against the weight of the testimony. There is nothing in the record to indicate the jury was in any way prejudiced or that its verdict was rendered through bias or sympathy.

The motion for a new trial is based upon alleged newly discovered evidence. In support of the motion are the affidavits of John Hiertz, Charles Elliot, Edward H. Boehme, and Albert Warner. The affida-

-vit of the defendant is to the effect that since the case was tried he discovered certain other persons knew certain facts material to his case; that he did not know that such persons possessed such information at or prior to the trial. These persons were three persons by the names of Boehme, Warner, and Elliot. The affidavit of the defendant is to the effect that no laches occurred on his part in producing said persons at the trial as witnesses, and in showing the materiality of the testimony of Boehme, Warner, and Elliot, all of whom, it is alleged, would be present to testify if a new trial were granted. As we view the affidavits, they are entirely insufficient, and the testimony which witnesses would give if they were present at a new trial would, we believe, be immaterial. The only facts that could be shown by Elliot were that some time about the 21st of September, while at the house of defendant, and having gone to the room of Peter Schonnes therein to call him, and in doing so and upon walking directly into the room, he found Schonnes and Clara Hoffman in what may be termed a compromising position; that upon entering the room he found Peter Schonnes undressed and in bed and Clara Hoffman sitting on the side of the bed in such position that her lower extremities as high as her knees were to be easily seen. Boehme, another of the persons who, it is said, will give material testimony, shows by his affidavit that he was in the employ of the defendant from April to the 1st of June, 1915; that on several occasions Clara Hoffman did solicit and invite him to have sexual intercourse with her; that he did have sexual intercourse with her on several different occasions, and that at all times Clara Hoffman readily consented to such acts. It will be noticed that all these alleged acts of sexual intercourse, if any, between Boehme and Clara Hoffman, occurred between April and the first of June, 1915. This would be entirely outside of the period of gestation, which was from the 27th day of June, 1915, until the 27th day of March, 1916. Such testimony therefore would be immaterial. The question in this case, as before stated, is not whether Clara Hoffman had sexual intercourse with different persons, but who is the father of the child. Equally immaterial are the statements in this affidavit that Clara Hoffman had told Boehme that she had intercourse with many different men at different times. If such acts could be particularized and also fixed within the period of gestation,

that might be material testimony, but as alleged to have occurred they are not. To the same effect is the affidavit of Warner, who testifies that he had sexual intercourse at various times, during the months of January and February, 1915, with Clara Hoffman. All such testimony is immaterial, as the acts of sexual intercourse disclosed were not within the period of gestation, and consequently could not have resulted in the conception of the child in question. Warner further says in his affidavit that he told Clara Hoffman that he did not wish to be the cause of her becoming pregnant with child and be compelled to carry the attending burdens thereto; that Clara Hoffman then told and informed Warner that he need have no fear of any trouble because of said acts of sexual intercourse; that in case she became pregnant, she would claim defendant to be the father of the child so conceived, and that she would not blame or implicate in any manner or way said Warner. Warner further states in his affidavit that he had had sexual intercourse with several females during the last several years and knows by the manner in which they act and behave whether or not they have had sexual intercourse prior to the time when he had sexual intercourse with them; that he knows that said Clara Hoffman did not, prior to the time when she and the affiant had sexual intercourse with one another in the month of January, 1915, in the barn on the farm operated by John Hiertz, have sexual intercourse with any other man. We see no materiality in any of such proposed testimony. It in no manner, as we view it, tends to prove that John Hiertz was not the father of the child in question. Very little, if any, of the testimony could be admitted if a new trial were granted. The material testimony in a case of this character on the part of the defendant and in his behalf is that which shows, or tends to show, that he was not the father of the child. That is the sole question in this case. The purported testimony to be given by the witnesses Boehme, Elliot, and Warner, as disclosed by their affidavits, is not of such materiality as to warrant granting a new trial. The order of the trial court overruling defendant's motion for a new trial is affirmed, with costs.

CHRISTIANSON, J. (concurring specially). The sole question involved upon the trial of this action was whether the defendant was

the father of a child born to the complaining witness, Clara Hoffman, on or about March 27th, 1916. There was a square conflict of testimony upon this question. The jury found the defendant to be the father. The defendant moved for a new trial on the grounds: (1) That the verdict is against the overwhelming weight of the evidence, and was the result of prejudice against the defendant and sympathy for the complaining witness; and (2) newly discovered evidence. The trial court denied a new trial, and defendant appeals. The only error assigned on this appeal is that the court erred in denying a new trial.

I have read the evidence and the affidavits submitted upon the motion for a new trial. The defendant was ably defended. He seems to have had a fair trial in every respect. I do not believe that an appellate court is justified in saying that the trial court erred in refusing a new trial.

BIRDZELL, J. (concurring specially). I concur in the result and in the reasons assigned therefor in the opinion prepared by Judge Grace, except that I am not prepared to say that all the newly discovered evidence would necessarily have been inadmissible upon a second trial. I am convinced, however, that the newly discovered evidence is not of such a character as would be likely to change the result, and I consider that the showing of diligence is weak.