Kovacsics v. State—193 Ind. 228.

---

## KOVACSICS *v.* STATE OF INDIANA.

[No. 24,106.    Filed May 16, 1923.]

1. CRIMINAL LAW.—*Rape.—Evidence.—Admissibility.*—A victim of rape may tell why she did not complain directly after the offense was committed, as it is not a conclusion. p. 229.

2. CRIMINAL LAW.—*Rape.—Evidence.—Applicability.*—The rule of evidence that delay in making complaint on the part of the injured female tends to discredit her testimony that a rape was committed, has no application where she is under the age of consent. p. 230.

3. RAPE.—*Under Age of Consent.*—Neither force nor nonconsent is an element of an offense committed upon a girl under the statutory age. p. 230.

4. CRIMINAL LAW.—*Rape.—Examination of Witness.—Presenting Baby to Jury.*—It is reversible error for the deputy prosecuting attorney, prosecuting a charge of rape, in conducting the examination of the prosecutrix, to take her baby in his arms while carrying on such examination, since it amounts to an exhibition of the child to the jury for comparison. p. 231.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Prosecution by the State of Indiana against Anthony Kovacsics for statutory rape. From a judgment of con-

viction, the defendant appeals. (Transferred from Appellate Court under §1392, cl. 2, Burns' Supp. 1921, Acts 1915 p. 150.) *Reversed.*

*George Sands* and *John G. Yeagley,* for appellant.

*U. S. Lesh,* Attorney-General, and *Aladar H. Hamborsky,* for the State.

EWBANK, J.—The appellant was indicted for an alleged rape upon a female child under the age of 16 years; her own testimony being that she was born fourteen years and seven months before the alleged offense was committed.

Appellant entered a plea of not guilty, and the issue thus formed was submitted to a jury, which returned a verdict finding him guilty as charged. He filed a motion for a new trial, which was overruled and he excepted. From a judgment rendered upon the verdict appellant appealed, and has assigned as error the overruling of his motion for a new trial.

Under this assignment appellant first complains that after the prosecuting witness had testified, without objection, that upon returning from appellant's home, where she said the offense was committed, to the home of her parents, she "did not tell them right away," she was permitted to answer the question "Why didn't you?" The objection noted was that the question called for a conclusion—called for her mental processes,—and was cross-examination.

In deciding another case on appeal to this court, the court said: "It was not error to permit the injured party to state the reason why she did not complain * * * to her mother. It may be supposed that it would have been natural to make complaints to the mother, but, as this was not done, we can conceive of no good reason why the injured party should not be permitted to explain why this natural course of conduct

was not pursued, if any reason for it existed." *Polson* v. *State* (1894), 137 Ind. 519, 522, 523.

And the rule is well established by the authorities in other states that delay of the prosecutrix in making complaint may be explained. *State* v. *Bebb* (1904), 125 Iowa 494, 496, 101 N. W. 189; *State* v. *Reid* (1888), 39 Minn. 277, 281, 39 N. W. 796; *State* v. *Peres* (1903), 27 Mont. 358, 362, 71 Pac. 162. Moreover, the rule of evidence that delay in making complaint on the part of the injured female is a circumstance which tends 2, 3. to discredit her testimony that a rape was committed, has little application where the injured female was a child under the age of consent, since the fact of immediate complaint, or failure to make complaint promptly, bears chiefly upon the questions whether force was used and whether or not she consented, and neither force nor nonconsent is an element of such an offense committed upon a girl within the statutory age (§2250 Burns 1914, Acts 1913 p. 267). *State* v. *Oswalt* (1905), 72 Kans. 84, 86, 82 Pac. 586; *State* v. *Peres, supra; Loose* v. *State* (1903), 120 Wis. 115, 132, 97 N. W. 526.

Appellant next complains of certain alleged misconduct of an attorney who represented the state at the trial, which is related in the bill of exceptions as follows: After the prosecuting witness had testified, without objection, that a baby was born to her on March 21, 1921, and that appellant was its father, that the child was a girl and was in the courtroom, "the deputy prosecuting attorney left his place at the attorney's table, and went down into the body of the courtroom, and returned to his place with a baby in his arms, and the examination of the (prosecuting) witness was proceeded with, as follows: 'Elizabeth, is this your baby?'" And upon the objection being interposed that it did not tend to prove or disprove any issue in the

cause, but amounted to exhibiting the child to the jury, the court overruled such objection, saying "It goes to the truth of the statement that she was delivered of a child."

This was error. The act of the deputy prosecuting attorney was obviously designed to influence the jury, by thus bringing the child before them with the statement that it was the one born to the prosecuting witness as a result of the alleged rape. She had already testified that a child was born which was in the court-room and no proper purpose could have been served by afterward bringing it before the jury and calling attention to it by the question that was asked. This court has repeatedly decided that the child cannot be offered in evidence nor its features compared with the features of the alleged father in a bastardy case. *La Matt* v. *State* (1891), 128 Ind. 123; *Reitz* v. *State* (1870), 33 Ind. 187; *Risk* v. *State* (1862), 19 Ind. 152. The reasoning of the cases cited applies to the facts of the case at bar, and obviously one purpose of the deputy prosecuting attorney in what he did was to give the jury an opportunity for such a comparison.

Counsel for the State cite cases from other jurisdictions in which the courts have refused to reverse convictions for seduction or bastardy because of the baby being in the court room when the trial was in progress. *Johnson* v. *State* (1907), 133 Wis. 453, 455, 113 N. W. 674; *Johnson* v. *Walker* (1905), 86 Miss. 757, 761, 39 So. 49, 109 Am. St. 733, 1 L. R. A. (N. S.) 470; *Hutchinson* v. *State* (1886), 19 Nebr. 262, 265, 266, 27 N. W. 113; *Esch* v. *Graue* (1904), 72 Nebr. 719, 720, 101 N. W. 978; *Benes* v. *People* (1905), 121 Ill. App. 103, 104; *State* v. *Stark* (1911), 149 Iowa 749, 129 N. W. 331, Ann. Cas. 1912D 362; *State* v. *Clemons* (1889), 78 Iowa 123, 124, 42 N. W. 562.

But we need not consider and do not decide whether

those cases, or any of them, were correctly decided upon the facts then before the courts. All of them are clearly distinguishable from the case at bar. In one of the cases cited the trial court instructed the jury that the child was not in evidence, and its appearance should not be considered by the jury, and in another the child was only in the court-room a few minutes and the attention of the jury was not called to it in any way. In none of them did the attorney for the state bring the child directly before the jury, apparently for the purpose of directing their attention to it, and while holding it in his arms question the mother about it. The other questions discussed by counsel will probably not arise upon a retrial of the case. For the error indicated, the judgment must be reversed.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.