QUINN WIRE & IRON WORKS, a Corporation, Respondent, v. R. B. BOYD, Guardian ad Litem of Henry Sukut, Elsie Sukut, Minnie Sukut, George Sukut and Elmer Sukut, the Minor Children of Otto Sukut, Deceased, Intervener and Appellant, and Augustus Roberts and Augusta Sukut, Administrators of the Estate of Otto Sukut, deceased, Defendants.

(202 N. W. 852.)

**Costs — guaranty costs for foreign corporations held sufficient.**

1. The plaintiff, a foreign corporation, was required to give security for costs. A surety, approved by the clerk, indorsed on a separate paper over its signature and following the venue and title of the action "Pursuant to § 7812, Comp. Laws 1913, we hereby guarantee and stand surety for the costs of the plaintiff, if any, in the above entitled action." This paper was attached to the summons and complaint. *Held* a sufficient compliance with the statute, §§ 7812 et seq., Comp. Laws., 1913, requiring a foreign corporation plaintiff to give security for costs.

**Appeal and error — findings of court, in case properly triable to jury, presumed to be correct, unless clearly contrary to preponderance of evidence.**

2. Where a case properly triable to a jury is tried to the court, the findings of the court are presumed to be correct and must stand, unless clearly and unquestionably contrary to the preponderance of the evidence. Evidence examined and *held* to support the findings as made.

**Appeal and error — presumed on appeal that trial court in considering evidence distinguished what was properly admissible from what was**

---

Note.—(2) Findings of trial court on conflicting evidence not disturbed, see 2 R. C. L. 206; 1 R. C. L. Supp. 443; 4 R. C. L. Supp. 92; 5 R. C. L. Supp. 81.

(3) Erroneous admission of evidence rendered harmless by competent evidence to support findings, see 2 R. C. L. 252; 1 R. C. L. Supp. p. 477.

(5) Review of discretionary action, see 2 R. C. L. 211; 1 R. C. L. Supp. 449; 4 R. C. L. Supp. 93.

52 N. D.—18.

not; if evidence properly admissible supports findings of trial court, improperly admitting other evidence over objection will not warrant reversal.

3. Where a case is tried to the court, rulings admitting evidence will not on appeal be scrutinized with the same strictness that would be exercised if the trial were had to a jury. It will be presumed that the trial court was able to and did, in considering the evidence, distinguish that which was properly admissible from that which was not, and if the evidence which was properly admissible will support the findings of the court, the fact that other evidence may have been improperly received over objection will not warrant this court in disturbing the judgment.

Executors and administrators — notice by registered mail of rejection by administrator of claims against decedent's estate required to set in motion special statute of limitations.

4. Where a claim against the estate of a decedent is rejected by an administrator, either by indorsement or by non-action, notice of such rejection must be given by registered mail in order to set in motion the special statute of limitations contemplated by § 8742, Comp. Laws, 1913.

Appeal and error — ruling on application to dismiss action for failure to bring case to trial not disturbed on appeal except for abuse of trial court's discretion.

5. Where an application to dismiss an action is made, under § 7598, Comp. Laws, 1913, because of failure to bring the same to trial, the court in passing thereon is clothed with and must exercise judicial discretion, and its holding will not be disturbed on appeal, except in case of abuse of such discretion.

Opinion filed December 3, 1924.    Rehearing denied January 20, 1925.

Appeal and Error, 4 C. J. § 2722 p. 775 n. 26; § 2812 p. 829 n. 38; § 2853 p. 880 n. 97; § 2982 p. 1000 n. 23, 24.    Costs, 15 C. J. § 519 p. 213 n. 45 New; § 527 p. 216 n. 8.   Dismissal and Nonsuit, 18 C. J. § 128 p. 1200 n. 68.   Executors and Administrators, 24 C. J. § 1943 p. 782 n. 97 New; § 2120 p. 842 n. 92; § 2183 p. 865 n. 90.

Appeal from the District Court of Cass County, *Cole,* J. Affirmed.

*Augustus Roberts* and *T. H. McEnroe,* for appellant.

*Wood & Breaw,* and *S. L. Nuchols,* for respondent.

NUESSLE, J.   This is an action on account of a promissory note executed by Otto Sukut.   Sukut died in December, 1916.   The note in

question fell due in January, 1917. The defendants, Augustus Roberts and Augusta Sukut, were appointed and qualified as administrators. Notice to creditors was duly published, the first publication being on March 3, 1917. The notice required that all claims should be presented to the administrators at the office of Augustus Roberts in Fargo. On March 21, 1917, the claim was presented to the defendant Roberts. Subsequently and at the request of Roberts, the original note was exhibited to him by the attorney for the plaintiff. Roberts advised the plaintiff's attorney that the claim had been allowed. Roberts himself approved the claim, but Augusta Sukut did not. From time to time during the next several years, inquiry was made as to when the claim would be paid, and Roberts or McEnroe, attorney for the administrators, advised that as soon as funds were in hand it would be paid. In July, 1921 Wood, the attorney for the plaintiff, learned that Augusta Sukut, the administratrix, had not approved the claim and that it had not been presented to or filed with the county judge. The claim was returned to him, but negotiations relative to its payment were continued. No notice of rejection was ever sent by registered mail to the plaintiff or its attorney. Finally, in October, 1922, this suit was begun in district court against the administrator and the administratrix. The complaint alleged the execution and delivery of the note in question; that the plaintiff was the owner and holder thereof and that it was unpaid; the death of the maker and the appointment and qualification of the defendants as administrator and administratrix; the publication of the notice to creditors and the due presentation of the claim to the administrator; that the administrator approved the claim but that the administratrix did not; that no notice of rejection of the claim was given. The defendants answered. Coupled with a qualified general denial, the answer admitted the death of Sukut, the appointment and qualification of the administrators, and the publication of the notice to creditors; the presentation of the plaintiff's claim; and alleged its rejection by non-action; knowledge of rejection by the plaintiff and a withdrawal of the claim; and that the claim was barred by the statute of non-claim. Subsequently and on the eve of trial, Boyd, as guardian ad litem of the minor heirs of Otto Sukut, prayed for and was granted leave to intervene. This application was made by defendant Roberts as attorney for Boyd. No objection was inter-

posed to this intervention by the plaintiff. The intervener filed and served a pleading, generally denying the allegations of the plaintiff's complaint and setting up laches and abandonment of the claim by the plaintiff. The plaintiff treated this pleading as a complaint in intervention and served an answer thereto, re-alleging the matters and things contained in the original complaint and further setting out that the claim had been rejected and that no notice of rejection had been served by registered mail as required by statute. The case came to trial. Trial was had to a jury, but both sides moved for directed verdict and, there being no objection, the jury was discharged and the case considered as tried to the court. The court made findings of fact and conclusions of law favorable to the plaintiff and ordered judgment accordingly against the administrator and administratrix. The defendants, administrator and administratrix, perfected no appeal from such judgment. The appeal was taken and is prosecuted by Boyd.

We can see no good reason on the showing as made why there should have been any intervention. But no objection was raised by the plaintiff to the application for leave to intervene. Neither does the plaintiff challenge the propriety of the order granting such leave or the right of Boyd to prosecute this appeal. We, therefore, express no opinion as to the matter of intervention. In any event, we are of the opinion that the judgment of the District Court should be affirmed.

The first question which is presented is that arising on account of the denial of the defendants' motion for a dismissal of the cause on the ground that the plaintiff and respondent was a non-resident corporation and had furnished no surety for costs. When this motion was made, the trial court, over the protest of the defendants, granted an opportunity to the plaintiff to procure the requisite surety. This the plaintiff did. This procedure was proper. See § 7814, Comp. Laws, 1913; Bergh v. John Wyman Farm Land & Loan Co., 30 N. D. 158, 152 N. W. 281. Such surety indorsed on a separate paper under the venue and title of the cause the following: "Pursuant to § 7812, Comp. Laws, 1913, we hereby guarantee and stand surety for the costs of the plaintiff, if any, in the above entitled action" followed by the signature of the surety. This paper was attached to the summons and complaint in the action. Objection was then made by the defendants, that this was not a sufficient compliance with the statute.

The clerk approved the surety in question and the trial court ruled that the statute had been sufficiently complied with. We think there was no error in this ruling. The requirements of the statute were literally followed.

The defendant next contends that there was error on the part of the trial court in overruling the objections to the introduction of evidence on the ground that the complaint did not state a cause of action and in denying the motions for dismissal and for directed verdict. We are of the opinion, first, that the complaint of the plaintiff sufficiently stated a cause of action and, next, that the evidence is sufficient to sustain the findings of fact of the trial court. There was no error on the part of the trial court in ordering judgment for the plaintiff on account of those findings. The case was, in effect, tried to the court. There was no objection on the part of either side to the discharge of the jury and the disposition of the cause by the court. The findings of the court come here on this appeal with every presumption in their favor. While they do not have the force of a verdict of a jury, they are presumed to be correct and must stand, unless clearly and unquestionably contrary to the preponderance of the evidence. See Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; State v. Southall, 50 N. D. 723, 197 N. W. 866 and cases cited. Viewed in this light, we think there is no question but that the evidence is sufficient to support the findings as made.

The defendants next urge as error various rulings of the trial court on matters of evidence. Again it must be borne in mind that the cause was tried to the court. In such case this court will not scrutinize rulings on matters of evidence with the same strictness that would be exercised if the trial were had to a jury. The reason for this distinction is not far to seek. The trial court is, in considering the evidence, able to and will distinguish that which is properly admissible from that which is not, and if the evidence which was properly admissible will support the findings of the court, the fact that other evidence may have been improperly received over objection will not warrant this court in disturbing the judgment. See Lloyd Mortg. Co. v. Davis, 51 N. D. 366, 199 N. W. 869. There was no prejudical error by reason of receiving any of the evidence objected to. On the other hand, we can find no instance where there was prejudicial error by reason of the

ruling of the court in rejecting evidence. We do not believe it necessary to discuss the assignments here urged in detail.

The chief contentions of the defendants, however, are those grounded on the defenses of laches and non-claim. It appears that, pursuant to the notice to creditors, the first publication of which was had on March 3, 1917, the claim against the estate was presented to the administrator Augustus Roberts on March 21, 1917. This was clearly within the required time. Subsequently and at the request of Roberts, Wood, the attorney for the plaintiff, exhibited the original note to him. Roberts testified that a copy of the note was not submitted as a part of the claim. But it appears that the note was set out in full in the proof of claim, though the indorsements on the back thereof were omitted, and the affidavit of the claimant recites that a copy was submitted. In any event, Roberts, after examining the original note, advised Wood that the claim had been allowed and approved and would be paid out of the first available funds. Wood relied upon this assurance and from time to time made inquiries with reference to the matter. He was advised that there were no funds in the estate and that when the estate was in funds the claim would be paid. Thus, the matter ran along until July, 1921 when Wood learned that the administratrix had not joined with the administrator in the approval of the claim. The claim was then returned to him with the approval of Roberts indorsed thereon. As a matter of fact, the administratrix was never advised by Roberts of the fact of presentation of the claim and never approved the same. However, negotiations thereafter continued to the end that the matter might be adjusted, but the administratrix never approved the claim. There was no notice by personal service on or by registered mail to the claimant as required by § 8740, Comp. Laws, 1913. Suit was finally begun in October, 1922. The defendants contend that under § 8740, Comp. Laws, 1913, the administratrix having failed or refused to approve the claim, the same thereby became and was rejected and that the statute began to run at the expiration of ten days from the date of such presentation. That is, that there was a rejection by non-action on March 31, 1917, and that, since the action was not begun within the statutory period beginning on such date, the claim was barred.

We think that the terms of § 8742, Comp. Laws, 1913, fix the time

at which the statute begins to run as of the date of notice of rejection by registered mail; that if there be no such notice, the statute is not set in motion. The fact that such notice came to the plaintiff's attorney or to the plaintiff itself by some other means than by registered mail was not sufficient to start the operation of the statute. The former statute, § 8103, Rev. Codes, 1905, imposed no requirement that notice of rejection, either by action or by non-action, be given to the claimant. This statute was amended by chapter 215, Sess. Laws 1911, and so amended as § 8740, Comp. Laws, 1913, provides:

". . . When a claim . . . has been rejected . . . whether by indorsement or by non-action the person to whom the claim was presented must serve notice of such rejection. Said notice to be by personal service or registered mail upon the claimant."

The effect of § 8105, Rev. Codes 1905, companion statute to § 8103, supra, was such that the statute of limitations was set in motion at the expiration of ten days from the date of rejection by non-action. No service of notice of rejection was required. See Singer v. Austin, 19 N. D. 546 and cases cited at page 549, 125 N. W. 560. This section was amended by chapter 216, Session Laws, 1911, so as to require "that suit must be brought within four months after notice of rejection of claim having been made by registered mail . . . otherwise the claim is barred forever." No reasonable reading of § 8105, supra, as thus amended, Comp. Laws, 1913, § 8742, can permit of any other interpretation than that notice of rejection must be given by registered mail in order to set this statute in motion.

The appellant contends that even though this be the case the plaintiff, by its negligence in failing to follow up and prosecute its claim, was guilty of laches; that it must be presumed to have abandoned its claim by reason of non-prosecution; that the action was, in effect, begun by the presentation of the claim and that under the provisions of § 7598, Comp. Laws, 1913, the case must be dismissed for lack of prosecution. Though it be conceded that by the presentation of the claim the action was "commenced" within the purview of this statute, yet it can not avail the appellant. The dismissal provided is to be ordered on application of the party entitled thereto. Here no such application was made. Where such an application is made the court in passing thereon is clothed with and must exercise judicial discre-

tion.   And the exercise of that discretion will not be interfered with on appeal, except in case of abuse.  See Lambert v. Brown, 22 N. D. 107, 132 N. W. 781.   Here, though the case was not brought to trial through a period of more than five years from date of presentation, yet we think the delay of the plaintiff may well be excused.   It appears that at various times the attorney for the plaintiff inquired with reference to the payment of the claim.   He was assured that it would be paid when funds were available.   One means or another was suggested to him whereby funds might be obtained.   Various reasons were given for the delay in payment.   It appears to us that while in fact there was a very great delay in bringing suit, nevertheless such delay was largely occasioned by indulgence on the part of the plaintiff on account of representations made to him by the administrator or his attorney.   So, the plaintiff may not justly be charged with neglect in the prosecution of its claim, nor for the same reasons can it be urged that there was an abandonment of the claim.   And it follows that there was no abuse of discretion on the part of the trial court.

The defense in this case is wholly technical.  No defense on the merits to the note sued upon was foreshadowed in the pleadings.   The evidence does not disclose any defense.   Neither were there any offers of proof indicating that there might be a defense.   The judgment of the district court was right and it must be affirmed.   It is so ordered.

BRONSON, Ch. J., and JOHNSON, CHRISTIANSON, and BIRDZELL, JJ., concur.